## BENJAMIN LONG, PLAINTIFF IN ERROR, *v.* PALMER, SMITH, AND COMPANY, DEFENDANTS IN ERROR.

Action for an escape against the sheriff of Madison county, he having received into his custody as a prisoner, the defendant in an action in the Circuit Court of Mississippi, taken under execution, and having suffered and permitted him to escape.

The declaration set out the judgment obtained by the plaintiffs against Scott, the defendant in the Circuit Court, the execution, the arrest of Scott, and his delivery to Long as the sheriff; who received him into his custody under the execution, and detained him until, without leave or license of the plaintiffs in the execution, and against their will, he suffered and permitted him to escape and go at large, &c., &c. To this declaration the defendant pleaded, that he does not owe the sum of money demanded in the declaration, " in manner and form as complained against him ;" and the jury found that the defendant Long "doth owe the debt in the declaration mentioned, in manner and form as therein alleged," and assess damages for the detention thereof, at one thousand and sixteen dollars and ninety-six cents: upon which the Court gave judgment for six thousand three hundred and fifty-six dollars, and one thousand and sixteen dollars and ninety-six cents damages, and costs.

The judgment of the Circuit Court is correct, under the provision of the statute of Mississippi of 7th June, 1822. The jury were not required in the action to find specially that the prisoner escaped with the consent, and through the negligence of the sheriff. The plea alleged that the defendant did not owe the sum of money demanded, " in manner and form as the plaintiff complained against him." This plea put in issue every material averment in the declaration. On this issue, on the most strict and rigid construction, the jury have expressly found all that is required to be found by the requirements of the act.

If the sheriff suffers or permits a prisoner to escape, this, both in common parlance, and legal intendment, is an escape with the consent of the sheriff.

The object of the act is, to make the sheriff responsible for a voluntary or negligent escape, and that this shall be found by the jury. And if this appears from the record by express finding, or by the necessary conclusion of the law, it is sufficient.

If any particular practice b prevailed in the State Courts, as to the manner of entering upon the record the finding of the jury, it is a mere matter of practice as to the form of taking and entering the verdict of the jury; and cannot be binding upon the Courts of the United States.

IN error to the Circuit Court of the United States for the southern district of Mississippi.

An action of debt was instituted by the defendants in error against Benjamin Long, then sheriff in Madison county, in the state of Mississippi, for the recovery of six thousand two hundred and seventy-seven dollars and costs, the same being the amount of a

judgment obtained by Palmer, Smith, and Company against Thomas S. Scott, at the January term, 1833, of the District Court of the United States, for the district of Mississippi, with interest, &c.

The plaintiffs in the District Court averred in the declaration that they had sued out a capias ad respondendum on the judgment against Thomas S. Scott, who was arrested by the deputy marshal; and who, having him in custody under the execution, committed him to the custody of Benjamin Long, the sheriff, &c. That the said Benjamin Long received Scott into his custody, and afterwards, " without the leave or license and against the will of the plaintiffs, suffered and permitted the said Scott to escape and go at large wheresoever he would, out of his custody."

The defendant in the Circuit Court, the case having been transferred to that Court, pleaded "nil debet;" and the jury found a verdict for the plaintiff, in the manner and form as alleged by them;" whereupon judgment was entered for the plaintiffs, according to the verdict.

The defendant sued out this writ of error to January term, 1839.

The case was argued by Mr. Coxe, for the plaintiff in error; and by Mr. Henderson for the defendant.

Mr. Coxe, for the plaintiff in error, contended that the judgment against Benjamin Long, in the Circuit Court, was erroneous, upon the principles of the common law; and particularly by the laws of Mississippi.

He said that there were no averments in the declaration of matters which, by the law of Mississippi relating to actions for an escape, were, by the express provisions of the statute, required to be found by the jury. The liability of a sheriff for an escape, was where the plaintiff had not consented to the escape of the prisoner, and the negligence of the officer to make immediate pursuit. The only averment in the declaration in this case is, that the sheriff permitted Scott, against the will of the plaintiff, without leave or license, to escape, and suffered him to go at large wheresoever he would, out of his custody. The finding of the jury, should have been upon the necessary and required averments; and the verdict should, in compliance with

[Long *v.* Palmer, Smith, and Co.]

the statute, have found the facts required by the statute to create the liability of the sheriff. The jury found a general verdict.

No implication will be allowed. The statute expressly declares that the jury shall find the facts.

The action for an escape is the pursuit of a rigid remedy; and the statute of Mississippi, looking to the hardship of the imposition of liability on the sheriff, has declared that all the facts necessary to create it shall be expressly found.

Mr. Henderson, for the defendants in error, contended that the entry of the judgment on the verdict of the jury, did authorize the assertion that the jury had found all the facts required by the statute. It was for the defendant below to have brought by plea before the jury, any of the requisitions of the act of assembly which should be proved to make him liable. If an issue had been tendered on such a plea, these facts would have been brought into controversy. The entry of a general judgment on a special verdict is often made, and is lawful and proper.

This is an action of debt, and the provisions of the statute of Mississippi do not apply to such actions. If the action had been on the case for the escape under mesne process, it might have been necessary to have proved all the requirements of the statute under proper averments, in the declaration. The language of the act of Mississippi may authorize this position.

The plaintiffs in this case allege a debt to be due to them for an escape. The defendants plead nil debet, that he does not owe the money, and the jury find that he did owe the same in manner and form, &c. This is sufficient. Cited, 4 Call, 370; 1 How. 64; 3 How. 419; 2 Gallis. 231; 3 Wash. Rep. 17, 558; Peters' C. C. R. 74; Tidd's Forms, 334; 1 Archbold's Practice, 205; 1 Mumford, 501; 5 Peters, 190; 1 Mass. 153; Paine's C. C. R. 159; 2 Peters, 16.

Mr. Justice THOMPSON delivered the opinion of the Court.

This case comes up on a writ of error from the Circuit Court of the United States, for the southern district of Mississippi.

It is an action of debt brought against the defendant for the escape of Thomas S. Scott, who had been duly committed to his custody by the marshal of Mississippi. The declaration sets

out the judgment obtained by Palmer, Smith, and Co., against Scott; the issuing the execution thereupon; the arrest of Scott, and his delivery to the defendant, as sheriff, who received him into his custody, by virtue of the said execution, and detained him until afterwards, to wit, on the 10th day of October, 1833, when without leave or license, and against the will of the said Palmer, Smith, and Co., he suffered and permitted the said Scott to escape and go at large, wheresoever he would, out of the custody of him the said Benjamin Long, so being sheriff, as aforesaid.

To this declaration, the defendant pleaded that he does not owe the sum of money demanded by the plaintiffs in the declaration, or any part thereof, in manner and form as the said plaintiffs have complained against him. And the issue thereupon joined came on to be tried by a jury; who upon their oaths say, that the defendant doth owe the debt in the declaration mentioned, in manner and form as therein alleged, and assess the damages for the detention thereof. at one thousand and sixteen dollars and ninety-six cents.

The question presented upon this writ of error, arises under a law of the state of Mississippi, concerning escapes, passed the 7th of June, 1822, (Revised Code, 318;) the third section of which declares, that no judgment shall be entered against any sheriff or other officer, in any suit brought upon the escape of any debtor in his or their custody, unless the jury who shall try the issue, shall expressly find that such debtor or prisoner did escape with the consent or through the negligence of such sheriff or other officer; or that such prisoner might have been retaken, and that the sheriff or other officer neglected to make immediate pursuit. This latter branch of the act is not involved in the present question. The declaration contains no averment of neglect to make immediate pursuit to retake the prisoner.

To this section of the act, which is general, and extends to all actions for escapes, whether the prisoner is in custody of the sheriff on mesne process or on an execution, there is a proviso which declares, that when the sheriff or other officer shall have taken the body of any debtor in execution, and shall wilfully and negligently suffer such debtor to escape, the party suing out such execution may have and maintain an action of debt against the sheriff for the recovery of all such sums of

money as are mentioned in the execution, and damages for detaining the same; any law, custom, or usage to the contrary notwithstanding. So that when the action is for the escape of a prisoner in execution, the measure of recovery is fixed, and not left open to any mitigating circumstances. This proviso takes the case of an escape, where the prisoner is in custody on an execution, out of the provisions in the enacting clause. The action in this case is debt, and comes within the proviso. But the grounds on which the sheriff is made liable for the escape are substantially the same. In the enacting clause he is made liable if the escape is with his consent, or through his negligence. And in the proviso he is made liable if he wilfully and negligently suffer the escape. The word "or" must obviously be here substituted for "and." Shall wilfully or negligently suffer the escape. To consent to an escape, is certainly wilfully to suffer it. And the question which arises upon this record is, whether the case is brought within the provisions of this act. The action is debt against the sheriff, and the averment in the declaration, on which his liability for the escape rests, is, that he, without leave or license and against the will of the said Palmer, Smith, and Company, (the plaintiffs in the execution,) suffered and permitted the said Scott, (the prisoner,) to escape and go at large, out of the custody of him, the said Benjamin Long, so then being sheriff of the county of Madison, and the said sum of six thousand three hundred and fifty-six dollars and eighty-three cents, due for said damages and costs, being then and still wholly unpaid and unsatisfied. The error complained of in this record is, that the jury have not expressly found, that the prisoner escaped with the consent or through the negligence of the sheriff. The plea to this declaration, which contains the averment above-mentioned is, that the defendant does not owe the sum of money demanded in the declaration, in manner and form as the plaintiff has complained against him. This plea puts in issue every material averment in the declaration; and the plaintiff was called upon to prove such averments. It put in issue therefore the inquiry whether the sheriff suffered and permitted the escape. If he suffered and permitted the escape, this, both in common parlance and in legal intendment, was an escape with the consent of the sheriff. And the verdict of the jury is that the defendant

doth owe the debt in the declaration mentioned, in manner and form as therein alleged. The manner and form alleged in the declaration is, that he owed it by reason of his having permitted the prisoner to escape. So that, upon the most strict and rigid construction of the act, the jury have expressly found that the escape was with the permission of the sheriff; which is equivalent to finding that it was with his consent according to the requirement of the act. This act does not point out any particular form in which the finding of the jury is to be entered upon the records of the Court. The object of the act is to make the sheriff responsible for a voluntary or negligent escape; and that this shall be found by the jury. And if this appears from the record by express finding, or by the necessary conclusion of law, it is sufficient. So that, if the verdict of the jury in this case should be considered no more than the common form upon the plea of nil debet, all the averments in the declaration are, in judgment of law, presumed to have been proved. And if any particular practice under this statute has prevailed in the State Courts, as to the manner of entering upon the record the finding of the jury, it is a mere matter of practice as to the form of taking and entering the verdict of the jury; and cannot be binding upon the Courts of the United States. The judgment of the Court below is accordingly affirmed.

This view of the case renders it unnecessary to consider the motion to dismiss the writ of error.   Judgment affirmed.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States, for the southern district of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said Circuit Court, in this cause be, and the same is hereby, affirmed, with costs and damages at the rate of six per centum per annum.